Morgan G. Bulkeley, Administrator, vs. The Brotherhood Accident Company.

First Judicial District, Hartford, May Term, 1917.
Prentice, C. J., Roraback, Wheeler, Beach and Gager, Js.

A gardener who sets off a single firework known as a bomb, does not thereby change his occupation to the more hazardous one of a user and handler of fireworks.

In the present case there was evidence that the bombs were ordinarily

safe, that they customarily did not explode until from one to two minutes after the fuse had been lighted, and that great numbers of them had been set off at celebrations on the Fourth of July by the gardener, his employer, and members of the employer's family; and that the bomb was not discharged in any unusual manner by the gardener, who was the plaintiff's intestate. *Held* that this evidence justified the finding that the decedent's act did not constitute a voluntary exposure to unnecessary danger.

Declarations of the injured gardener, made while being taken to the hospital where he died two days later, to the effect that the bomb went off sooner than he expected, and something (the witness could not exactly recall it) about a quick-burning fuse, were admitted in evidence. *Held* that although somewhat vague because of the faulty recollection of the witness, these declarations were properly received as tending to prove that the decedent did not set off the bomb in an unusual way nor voluntarily expose himself to unnecessary danger.

Argued May 1st—decided June 14th, 1917.

ACTION to recover the amount of a policy of insurance upon the life of the plaintiff's intestate, whose death was caused by accident, brought to and tried by the Superior Court in Hartford County, *Shumway, J.;* facts found and judgment rendered for the plaintiff for $600, and appeal by the defendant. *No error.*

The plaintiff's decedent, Oscar L. Johnson, a gardener in the plaintiff's employ, was injured by the explosion of a firework called a bomb, intended to be fired by placing it in a mortar and lighting a fuse. Some of these fireworks, left over from the previous Fourth of July, were found about the premises, and Johnson was seen to take a bomb and mortar from plaintiff's garage toward an open place nearby. Nobody witnessed the accident, but an explosion was heard, and Johnson was observed rolling on the grass trying to extinguish a fire burning in the clothing about his neck and chest. Two days afterward Johnson died in consequence of burns and wounds received from the explosion of the bomb. While being taken to the hospital Johnson asked, "What happened," and afterward said that the bomb went off

sooner than he expected, and something about a quick-burning fuse.

The policy exempts the defendant from liability for injuries caused by "voluntary exposure to unnecessary danger," and provides that in case of injury after the insured has "changed his occupation to one classified by the company as one more hazardous than that herein stated," the company's liability shall be only for the amount which the premium would have purchased at the rate fixed by the company for such more hazardous occupation.

The complaint alleges that the insured duly fulfilled all the conditions of the insurance on his part, and that his death was not from any cause excepted in the policy.

The answer leaves the plaintiff to his proof as to the facts, denies that the assured fulfilled the conditions of the insurance, alleges that the injury was caused by voluntary exposure to unnecessary danger, and, as an alternative defense, that the assured had changed his occupation, and was engaged in using or handling fireworks when injured, whereby the company's liability was reduced to $200, in respect of which a tender is pleaded.

*Stewart N. Dunning,* for the appellant (defendant).

*Warren B. Johnson,* for the appellee (plaintiff).

BEACH, J.   It is too plain for discussion that the act of setting off a single firework is not a change of occupation from that of gardener to that of a user or handler of fireworks.

The other ground of defense—that the injury was caused by voluntary exposure to unnecessary danger—rests upon the determination of a motion to correct the

finding, by erasing therefrom the finding that the death was not from any cause excepted in the policy, and by substituting therefor a proposed finding that the plaintiff offered no evidence to show that decedent did not voluntarily expose himself to unnecessary danger. It is, however, unnecessary to follow the defendant's argument any further, because the finding of the trial court is supported by the evidence, and the defense of voluntary exposure to unnecessary danger is disposed of on the merits in the plaintiff's favor. There was evidence tending to show that the bombs were ordinarily safe, that from one to two minutes usually elapsed between the lighting of the fuse and the explosion of the charge which threw the bomb upward, and that the decedent, his employer, and members of the employer's family, had set off great numbers of them at Independence Day celebrations. This was enough to show that the act of setting off one of these bombs in the usual way was not a voluntary exposure to unnecessary danger.

Then the question remained whether Johnson attempted to set the bomb off in some unusual way, or in some other way voluntarily exposed himself to unnecessary danger in setting it off. On this point his declarations made while being taken to the hospital are relevant and admissible, and they make it more probable than otherwise that the accident occurred because of a defective quick-firing fuse. Defendant excepted to the admission of these declarations, and now makes the claim that they were too vague and indefinite to be admitted in evidence. This, however, was the fault of the witness to whom the declarations were made, who was obliged to give the substance of what was said because he could not remember the words. Taking these disconnected phrases as expressing the substance of Johnson's declarations, there is no

difficulty whatever in supporting the finding of the trial court that the death was not from any cause excepted in the policy.

There is no error.

In this opinion the other judges concurred.